UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

NANCY JONES                                                                              PLAINTIFF

VS.                                                   CIVIL ACTION NO.: 3:08cv603-DPJ-JCS

STUART C. IRBY COMPANY                                                          DEFENDANT

## ORDER

This employment dispute is before the Court on Defendant Stuart C. Irby Company's Motion for Summary Judgment [21]. The Court, having fully considered the parties' submissions and the applicable law, finds that the motion is well taken and should be granted.

I.   Facts/Procedural History

Plaintiff Nancy Jones joined Stuart C. Irby Company ("Irby") in February 2006 as a District Operations Manager (DOM) in Irby's Commercial and Industrial Division. Plaintiff was already fifty-five years old when hired by Irby officers Andy Waring, Michael Wigton, Jim Cameron, and Paul Esterheld. Plaintiff has submitted record evidence that profits were acceptable in 2006, but in July 2007, Irby's parent corporation Sonepar USA instructed Irby to explore cost reductions due to declining profits. Waring, Wigton, and Cameron therefore decided to eliminate Plaintiff's position as part of a reduction in force that eliminated approximately eight positions. Of the eight eliminated positions, males held five and females held three. All employees were over forty years old, though four of the employees were older than plaintiff and four were younger.

Aggrieved by the decision, Plaintiff exhausted her administrative remedies and filed the present suit in the Circuit Court of Hinds County, Mississippi, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a); the Age Discrimination in Employment

Act of 1967 (ADEA), 29 U.S.C. § 623(d); the Fourteenth Amendment to the United States Constitution; and state law. Following removal and discovery, Defendant moved for summary judgment. The motion is now ripe for consideration.

II. Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the employment context, "[i]t is more than well-settled that an employee's subjective belief that [s]he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face

of proof showing an adequate nondiscriminatory reason." *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Finally, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

III.  Analysis

  A.  Timeliness of Statutory Claims

Defendant first argues that Plaintiff's statutory claims are time barred for failure to file within ninety days of receiving her right to sue notice from the Equal Employment Opportunity Commission (EEOC). Although Plaintiff filed her Complaint beyond the statutory window, she attributes the delay to the EEOC's failure to send the notice to the address she provided. The Court finds that the deadline should be tolled. *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1249 (5th Cir. 1985).

  B.  Discrimination Claims

Plaintiff claims that Irby terminated her employment due to her age and sex. As there is no direct evidence of discrimination, both claims rely on circumstantial evidence under the familiar *McDonnell Douglas Corp. v. Green* burden shifting analysis. 411 U.S. 792 (1973). A prima facie case of discriminatory discharge exists when a plaintiff establishes that she (1) is a member of a protected class, (2) suffered an adverse employment action, (3) was qualified for her position, and (4) was replaced by someone outside of the protected class or was treated less favorably than disparate treatment similarly situated employees outside the protected class.

*Turner v. Baylor Richardson Med. Ctr*., 476 F.3d 337, 345 (5th Cir. 2007); *Rutherford v. Harris Co., Tex.*, 197 F.3d 173, 179, 184 (5th Cir. 2007). If a plaintiff successfully establishes a prima facie case of discrimination, then "the employer must rebut a presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the adverse employment action." *Turner*, 476 F.3d at 345. If the employer meets its burden, the burden "shifts back to the plaintiff to present substantial evidence that the employer's reason was pretext for discrimination." *Id*. "If the plaintiff can show that the proffered explanation is merely pretextual, that showing, when coupled with the prima facie case, will usually be sufficient to survive summary judgment." *Id*. (citations omitted).

Finally, Title VII also provides a mixed-motives approach after the employer has met its burden of production whereby an employee may attempt to offer sufficient proof

> either that (a) the employer's proffered reason is a pretext for discrimination, or . . . (b) that the employer's reason, although true, is but one of the reasons for its conduct, another of which was discrimination. If the employee proves that discrimination was a motivating factor in the employment decision, the burden again shifts to the employer, this time to prove that it would have taken the same action despite the discriminatory animus. The employer's final burden is effectively that of proving an affirmative defense.

*Richardson v. Monitronics Int'l, Inc*., 434 F.3d 327, 333 (5th Cir. 2005) (citations and quotations omitted). No such analysis applies under the ADEA. *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2348 (2009).

In the present case, Defendant assumes Plaintiff can state a prima facie case under Title VII and the ADEA. Thus, the parties begin their arguments at stage two–whether Defendant has proffered a legitimate nondiscriminatory explanation for the termination of Plaintiff's position. Identifying a nondiscriminatory basis for termination is a burden "of production, not persuasion,

4

and involves no credibility assessment." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007); *see also Reeves*, 530 U.S. at 142. Once the employer articulates a nondiscriminatory reason, "the inference created by the prima facie case drops out of the picture," and the burden reverts to Plaintiff to produce evidence that the proffered reason is a pretext for unlawful discrimination. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).

Here, the parties have honed the inquiry. There is no dispute in the record evidence that Irby reduced its force in 2007 or that the decision to eliminate a DOM in the Commercial and Industrial Division was legitimate. Instead, the question is whether Defendant should have eliminated Plaintiff's position rather than one of the three other DOMs in her division, all of whom were males and younger than her. On that issue, Defendant claims that "[w]here a position must be eliminated, and none of the employees under consideration has performance problems, and no other business exigencies exist, Irby's normal practice is to eliminate the position of the employee with the shortest tenure at the company." Defendant's Motion [22], Ex. D (Waring Aff. ¶ 4). Plaintiff's position was eliminated because there were no performance issues among the DOMs and Plaintiff's tenure with the company was only eighteen months compared to tenures in excess of ten years for all comparators. Defendant has met its burden of production. *See EEOC v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996) (noting that a reduction in force "is itself a legitimate, nondiscriminatory reason for discharge"); *Smith v. Gen. Scanning, Inc.*, 876 F.2d 1315, 1322 (7th Cir. 1989) (finding a lack of seniority as a legitimate, nondiscriminatory reason for termination during a reduction in force and holding that "the ADEA will not interfere with [an employer's] decision to reward in its seniority system total length of service as opposed to time in position").

In response to Irby's proffered explanation, Plaintiff has attempted to demonstrate pretext. To carry that burden, she must

> produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination. The plaintiff must rebut each nondiscriminatory reason articulated by the employer. A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or "unworthy of credence." An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action. Evidence demonstrating that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's prima facie case, is likely to support an inference of discrimination even without further evidence of defendant's true motive.

*Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (internal citations omitted). The Court will examine the pretext arguments separately as to the Title VII and ADEA claims.

1. Title VII Claim

Plaintiff attempts to demonstrate pretext through her own deposition testimony and affidavit statements that she was not invited to informal social functions with her coworkers and supervisor. She claims that business was discussed during the social functions she did not attend, that the gatherings evidence a "good ole boy" environment, and therefore Irby's proffered explanation is unworthy of credence. Plaintiff's statements about these events appear to be inadmissible hearsay and therefore incompetent summary judgment evidence. *See Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) (holding that hearsay is not competent summary judgment evidence). Nevertheless, Plaintiff testified that she preferred not to attend such events and could not say whether the lack of an invitation was the result of her own preference. Ultimately, this evidence fails to suggest that the reduction in force was a pretext for gender-based discrimination. No matter how heartfelt, a plaintiff cannot survive summary judgment based on the subjective belief that she has suffered discrimination. *Douglass*, 79 F.3d

at 1430. Conclusory statements are not competent evidence to defeat summary judgment. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Instead, Jones must offer specific evidence refuting the factual allegations underlying Irby's reasons for eliminating her position. *See Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1295 (5th Cir. 1994). Plaintiff has failed to meet this burden.[1]

2. ADEA Claim

Plaintiff premises her ADEA claim on (1) the affidavit of Paul Esterheld; (2) statistical information regarding the eliminated positions; and (3) evidence regarding one employee who retained his position despite having less seniority than an employee whose position was eliminated.

a. *Esterheld Affidavit*

Esterheld first states that, in 2005, Irby terminated two company officers with more seniority than Esterheld while Esterheld retained his position. Plaintiff claims that this proves Irby's seniority-based rationale is pretextual. The problem is that Esterheld's affidavit fails to demonstrate that the 2005 terminations were sufficiently similar to the 2007 reduction in force. In fact, the unrebutted record evidence demonstrates that the officers Esterheld referenced were terminated due to their performance. Significantly, there was no reduction in force and the positions were not eliminated. In addition, Esterheld and the two officers all held distinct

---

[1]Plaintiff also asserts that she suffered breast cancer during her employment. It is not clear whether Plaintiff claims that this unfortunate fact demonstrates pretext as to her Title VII claim, but it would not. Cancer, and even breast cancer, can affect men and women, making it difficult to see how the cancer demonstrates that her position was eliminated because of her sex. Furthermore, the allegation does not appear in the Complaint or the EEOC Complaint of Discrimination.

7

positions within the company-they were not comparators. Accordingly, this episode fails to demonstrate pretext.

Esterheld next observes that, as Plaintiff's supervisor before his departure, he gave her the highest performance ratings of the DOMs in his division. This evidence fails to prove pretext because the issue is whether the proffered reason is false, not whether it was the best business decision. *See Laxton*, 333 F.3d at 579. Finally, Esterheld's statement is not inconsistent with Irby's stated policy.

### b. *Statistics*

Plaintiff next attempts a statistical analysis showing that all the terminated employees were over forty. In *Walther v. Lone Star Gas Co.*, the Fifth Circuit explained that

> gross statistical disparities resulting from a reduction in force . . . may be probative of discriminatory intent, motive or purpose. Such statistics might in an unusual case provide adequate circumstantial evidence that an individual employee was discharged as part of a larger pattern of layoffs targeting older employees. This is not to say that such statistics are enough to rebut a valid, nondiscriminatory reason for discharging a particular employee. Generally, they are not. . . . [P]roof of pretext, hence of discriminatory intent, by statistics alone would be a challenging endeavor.

977 F.2d 161, 162 (5th Cir.1992) *cited in Joseph v. City of Dallas*, 277 F. App'x 436, 442 (5th Cir. 2008). The Fifth Circuit has also "found that a statistical analysis that did not purport to analyze the facts surrounding the circumstances of the individual at issue was 'impotent' to establish whether an employer's stated reasons were pretextual." *Joseph*, 277 F. App'x at 442 (rejecting plaintiff's statistics because he "merely provided raw numbers"); *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 583 (5th Cir. 2006) ("These statistics are not probative of discriminatory intent because they are devoid of context."). This is especially true in the context

8

of an age discrimination claim arising from a reduction in force. *Tex. Instruments Inc.*, 100 F.3d at 1185.

While "generalized statistical evidence will rarely rebut a particularized nondiscriminatory rationale, statistical evidence may be probative of pretext in limited circumstances." *Id.* (citing *Deloach v. Delchamps, Inc*., 897 F.2d 815, 820 (5th Cir.1990) (explaining that statistical data might be used to establish pretext in addition to other evidence offered by a plaintiff)). Ultimately, the probative value of statistical evidence "depends on all the surrounding facts, circumstances, and other evidence of discrimination." *Id*. (citations omitted).

In this case, Plaintiff's chart demonstrates that all of the workers who lost their positions were over forty years old. It does not, however, offer any comparisons to the employees who retained their positions, nor does it consider the criteria for eliminating certain positions within the company. Such context is necessary because the reduction in force involved a relatively small number of employees, and, as Defendant has demonstrated, Irby has an older workforce. Moreover, all but one of the employees listed on the exhibit had short tenures with the company, which is consistent with Defendant's proffered explanation.

*c.    Retention of Less Senior Employee*

Plaintiff finally submits that Defendant eliminated the position of a fifty-eight-year-old employee with more seniority than a fifty-two-year-old employee who was retained. To begin with, the evidence is not sufficient to determine what exactly happened to the fifty-two-year-old employee. The exhibit upon which Plaintiff relies merely states, "Contract buyout (he has not been terminated as of today)." It appears that the fifty-two-year-old ultimately lost his position.

9

Second, Plaintiff's chart lists the fifty-eight-year-old's position as "Outside Sales," whereas the fifty-two-year-old is listed as "Outside Sales Specialist." It is not apparent that the two held the same position. Regardless, Plaintiff has offered no evidence to place these decisions in context. Irby's stated explanation is that "[w]here a position must be eliminated, *and none of the employees under consideration has performance problems, and no other business exigencies exist*, Irby's normal practice is to eliminate the position of the employee with the shortest tenure at the company" (emphasis added). Plaintiff has the burden of rebutting that assertion, and without knowing why the fifty-eight-year-old's position was eliminated and the fifty-two-year-old apparently had his contract bought out, it is impossible to conclude that Irby deviated from its policy. Plaintiff failed to meet her burden with respect to this evidence.

Defendant makes additional arguments based on presumptions, such as the fact that one decisionmaker was older than Plaintiff and the fact that the same nucleus of decisionmakers hired Plaintiff less than two years earlier when she was already in her fifties. *See, e.g., Brown v. CSC Logic, Inc.*, 82 F.3d 651, 658 (5th Cir. 1996). In this case, the Court need not rely on such presumptions, because Plaintiff has failed to meet her burden.

    C.    Abandoned Claims

Plaintiff's Complaint raises a number of additional claims, including claims based on the Fourteenth Amendment of the United States Constitution and "various laws of the State of Mississippi" (Count Three); negligent and intentional infliction of emotional distress (Counts Four and Five); and breach of implied covenant of good faith and fair dealing (Count Six). Defendant moved for summary judgment as to each of these claims. Plaintiff offered no response.

Plaintiff's mere failure to respond will not justify granting Defendant's motion. *See* Uniform Local Rule 7.2(C)(2) (establishing that summary judgment motions may not be granted as unopposed). As explained by the Fifth Circuit, district courts must first consider the record.

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied--even if the non-movant has not responded to the motion. But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, No. 92-2433, 1992 WL 352617, at *1 (5th Cir. Nov. 19, 1992) (unpublished table decision) (citations omitted) (affirming summary judgment where counsel failed to file timely response).

To the extent Plaintiff did not intentionally waive these claims, Defendant's motion correctly states the law and satisfies its burden under Rule 56. Count Three fails because Defendant is not a state actor. *Bradley v. Lockheed Martin Corp.*, 275 F. App'x 396, 397 (5th Cir. 2008) (holding that private employers can never be liable for violations of Fourteenth Amendment). Counts Four and Five fail to state claims for negligent and intentional infliction of emotional distress in the employment context. *See Knight v. Miss. Dep't of Pub. Safety*, No. 3:06CV139 DPJ-JCS, 2007 WL 2219327, at *7 (S.D. Miss. Jul. 27, 2007); *Allen v. NPC Int'l, Inc.*, No. 1:95CV20, 1996 WL 407564, at *5 (N.D. Miss. June 10, 1996). Finally, Count Six fails because Plaintiff was an at will employee. *Young v. N. Miss. Med. Ctr.*, 783 So. 2d 661, 663-64 (Miss. 2001).

IV. Conclusion

For the above stated reasons, the Court finds that Defendant's motion should be granted. A separate judgment will be entered pursuant to Rule 58.

**SO ORDERED** this the 14th day of October, 2009.

                                                      s/ *Daniel P. Jordan III*
                                                    UNITED STATES DISTRICT JUDGE